```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

----------------------------------------

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| -v- | 18CR95-1 (DLC) |
| SAMUEL WINFIELD, | MEMORANDUM OPINION AND ORDER |
| Defendant. | |

----------------------------------------

```
For the petitioner:
Ian H. Marcus Amelkin
Jennifer L Brown
Federal Defenders of New York
52 Duane Street, 10th Floor
New York, NY 10007

For the United States
Justin V. Rodriguez
Assistant United States Attorney
One Saint Andrew's Plaza
New York, NY 10007
```

DENISE COTE, District Judge:

On February 14, 2024, defendant Samuel Winfield moved for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c) and Amendment 821 to the Sentencing Guidelines.  The motion is granted.

### Background

On September 28, 2018, Winfield pleaded guilty to possession of child pornography, in violation of 18 U.S.C. §§ 2252(a)(5)(B) and (b)(2) and pursuant to a plea agreement with the Government.  The parties stipulated to a Sentencing

Guidelines range of 168 to 210 months' imprisonment. They acknowledged that a ten-year mandatory minimum term of imprisonment applied.

The Presentence Report concurred. Based on an offense level of 33 and a criminal history category of III, it found the defendant's Sentencing Guidelines range to be 168 to 210 months' imprisonment. The defendant received three criminal history points under U.S.S.G. § 4A1.1(a) and (3) for prior convictions in state court and two points under U.S.S.G. § 4A1.1(d) because the defendant was on parole at the time he committed the federal offense. The Probation Department recommended a sentence of 120 months' imprisonment; the defendant sought a sentence of 120 months, and the Government requested a sentence within the Sentencing Guidelines range.

At the sentencing, the Court observed that the defendant had engaged in the past in horrific conduct with respect to three children, for which he had been convicted. While on parole, the defendant's parole officer found at the defendant's residence a laptop containing child pornography, including at least three videos that depict sadistic conduct. The parole officer also found children's toys and DVDs with children's cartoons. On January 14, 2019, the defendant was sentenced principally to a term of 168 months' imprisonment.

On January 31, 2024, the United States Probation Department issued a report indicating that the defendant is eligible for a sentence reduction pursuant to Amendment 821 to the Sentencing Guidelines. The amendment went into effect on November 1, 2023 and applies retroactively. On February 14, the defendant filed a motion requesting a sentence reduction to 151 months' imprisonment pursuant to Amendment 821 to the Sentencing Guidelines. Currently, Winfield is scheduled to be released from custody on November 24, 2029. Defense counsel calculates that if his application is granted, the defendant will be released in 2028, when he is 66 years old. The defendant represents that the Government consents to its request.

## Discussion

A judgment of conviction is ordinarily final. Pursuant to 18 U.S.C. § 3582(c)(2), however, a federal court may reduce a defendant's sentence if the defendant was originally sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission when that modification is made retroactive. United States v. Martin, 974 F.3d 124, 136, 139 (2d Cir. 2020).

When presented with a motion to reduce a sentence pursuant to § 3582(c)(2), the district court must first "determine the amended guideline range that would have been applicable to the

defendant if [the amendment] had been in effect at the time the defendant was sentenced." United States v. Zapatero, 961 F.3d 123, 127 (2d Cir. 2020) (quoting U.S.S.G. § 1B1.10(b)(1)); see also Dillion v. United States, 560 U.S. 817, 827 (2010).  If the defendant is eligible for a sentence reduction, "a court may reduce the term of imprisonment after considering the factors set forth in section 3553(a) and if such reduction is consistent with applicable policy statements issued by the Sentencing Commission," which are contained in U.S.S.C. § 1B1.10.  Martin, 974 F.3d at 136 (citation omitted).  Courts may not reduce a term of imprisonment under § 3582(c)(2) "to a term that is less than the minimum term of imprisonment specified by a subsequently lowered Guidelines range," with an exception for defendants who provide substantial assistance to the Government. United States v. Young, 998 F.3d 43, 46 n.1 (2d Cir. 2021).  A reduction in sentence pursuant to § 3582(c)(2) is not a plenary sentencing proceeding.  Dillon, 560 U.S. at 827.

Amendment 821 to the Sentencing Guidelines went into effect on November 1, 2023, and applies retroactively.  See U.S.S.G. § 1B1.10(d).  Among other changes, Amendment 821 modified the calculation of criminal history points under U.S.S.G. § 4A1.1(d) for those who committed the offense of conviction while under a criminal justice sentence including while under parole status

("status points"). As relevant here, the amendment removed the status points assessed to defendants with six or fewer criminal history points as calculated under U.S.S.G. § 4A1.1. Amendment 821 was informed by studies of criminal history points that found that status points are "relatively common" in cases where defendants received at least one criminal history point, and that while an offender's criminal history is "strongly associated with the likelihood of future recidivism," status points "add little to the overall predictive value associated with the criminal history score." U.S.S.G. App. C, Amendment 821, Reason for Amendment.

The applicable policy statement in the Sentencing Guidelines states that a defendant is eligible for a sentence reduction based on a subsequently lowered sentencing range so long as the amendment is retroactive, see U.S.S.G. § 1B1.10(a)(2)(A), and actually lowers the defendant's Guidelines range. Id. § 1B1.10(a)(2)(B). It requires a court to consider the factors set forth in 18 U.S.C. § 3553(a) as well as the "nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment" in determining whether to reduce the sentence and the extent of the reduction. Id. § 1B1.10, Application Note 1(B)(i)-(ii). A court may also consider a

defendant's post-sentencing conduct. <u>Id.</u> § 1B1.10, Application Note 1(B)(iii).

Winfield is eligible for a sentence reduction pursuant to Amendment 821. His amended criminal history point calculation is three, and his amended criminal history category is II. His amended guidelines range is therefore calculated at 151 to 188 months' imprisonment. The defendant received a sentence of 168 months' imprisonment, or seventeen months higher than the bottom of the amended Guidelines range.

## Conclusion

With the Government's consent, Winfield's February 14, 2024 motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c) and U.S.S.G. § 1B1.10 is granted. The defendant's term of imprisonment is reduced to 151 months' imprisonment.

Dated:  New York, New York
        July 16, 2024

                                    _____
                                    Denise Cote
                                    United States District Judge

6